UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 15-CV-2592 (JFB)(AYS)
_____

TRUSTEES OF EMPIRE STATE CARPENTERS ANNUITY, APPRENTICESHIP, LABOR-MANAGEMENT COOPERATION, PENSION AND WELFARE FUNDS,

Petitioners,

VERSUS

DIPIZIO CONSTRUCTION, INC.,

Respondent.
_____

**MEMORANDUM AND ORDER**
May 25, 2016
_____

JOSEPH F. BIANCO, District Judge:

Petitioners, Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (hereinafter, the "petitioners" or the "Funds") commenced this action to confirm an arbitration award obtained against DiPizio Construction, Inc. (hereinafter, the "respondent" or "DiPizio"). The petitioners also move to recover attorneys' fees and costs in connection with this action. For the reasons set forth below, the Court grants the petitioners' motion to confirm the arbitration award and grants the petitioners' motion for fees and costs.

I. BACKGROUND

A. Facts

The following facts are taken from the Funds' Petition to Confirm an Arbitration Award ("Pet.") and accompanying exhibits. (ECF No. 1.)

DiPizio is bound to a collective bargaining agreement (the "CBA") with Northeast Regional Council of Carpenters (the "Union"). (Pet. ¶¶ 7-8.) The CBA required DiPizio to make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union. (*Id.* ¶ 10.) The Funds also established a Joint Policy for Collection of Delinquent Contributions (the "Collection Policy"). (*Id.* ¶ 11; Ex. D.) The Collection Policy requires that the employer submit to a payroll audit upon request of the Funds in

order to ensure compliance with the contribution requirements. (*Id.* ¶ 12; Ex. D, art. 1.1(C)(2).) The Collection Policy further provides that if the employer fails to remit contributions to the Funds, the matter shall be subject to arbitration. (*Id.* ¶ 18; Ex. D, art. 2.1(F).) If the employer is found deficient in its contributions, the Collection Policy awards, in addition to the deficiency, interest (*id.* Ex. D, art 2.1(C)), liquidated damages (*id.* Ex. D, art 6.1), attorneys' fees (*id.* Ex. D, arts. 1.1.C(C)(4), 6.2, 6.3), arbitrator's fees (*id.* Ex. D, art. 6.3), and the costs of the audit (*id.*).

The petitioners initiated arbitration, pursuant to the Collection Policy, claiming that the respondent failed to remit contributions to the Funds. (*Id.* ¶¶ 16-17, 19.) The petitioners provided DiPizio with a Notice of Intent to Arbitrate Delinquency dated December 19, 2014. (*Id.* ¶ 19.) The arbitrator conducted a hearing on January 21, 2015, at which the respondent failed to appear. (*Id.* ¶ 20; Ex. F.) On January 22, 2015, the arbitrator issued his findings, concluding that the respondent was in violation of the terms of the CBA by failing to make the required contributions during the period from January 1, 2012 to June 30, 2014. (*Id.* Ex. F, ¶ 12.) The arbitrator ordered the respondent to pay the Funds a sum of $34,789.79,[1] consisting of the deficiency in the amount of $24,271.18, interest in the amount of $3,289.37, liquidated damages in the amount of $4,854.24, attorneys' fees in the amount of $900.00, the arbitrator's fee in the amount of $750.00, and audit costs in the amount of $625.00. (*Id.*)

### B. Procedural History

On May 6, 2015, the petitioners filed their petition in this Court, seeking confirmation of the arbitrator's award as well as costs and attorneys' fees incurred in the instant action. (ECF No. 1.) This Court issued an Order on June 12, 2015, directing DiPizio to respond to the petitioners' motion by July 13, 2015. The petitioners served a copy of this Order on the respondent on June 12, 2015. (ECF No. 6.) On September 18, 2015, the parties submitted a joint motion requesting that the respondent's time to answer be extended until October 19, 2015. (ECF No. 7.) The motion was granted on September 19, 2015. However, to date, respondent has not filed an Answer or appeared in the action.

## II. CONFIRMATION OF ARBITRATION AWARD

### A. Standard of Review

A motion to confirm an arbitral award should be "treated as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The standard of review at the summary judgment stage is well-settled. A court may grant a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must

---

[1] The arbitrator's decision orders the respondent to pay $34,789.79; however, the sum of the various amounts to which the petitioner is entitled totals to only $34,689.79 ($100 less than the value calculated by the arbitrator). The Court assumes that the arbitrator made an arithmetical error, and that the correct amount due is $34,689.79.

support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration and emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249–50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars' showing that a trial is needed." *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

B. Discussion

"Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court.'" *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E.*, No. 11–CV–04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (quoting *N.Y. City Dist. Council of Carpenters Pension Fund v. E. Millennium Constr., Inc.*, No. 03–CV–5122, 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003)).

The Supreme Court has recognized that the LMRA expresses a "'federal policy of settling labor disputes by arbitration,'" which "'would be undermined if courts had

3

the final say on the merits of the awards.'" *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (quoting *Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)). Accordingly, "the courts play only a limited role when asked to review the decision of an arbitrator." *Id.*; *see, e.g.*, *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001); *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Emps. Union Local 338, Affiliated with the Retail, Wholesale & Dep't Store Union, AFL–CIO*, 118 F.3d 892, 896 (2d Cir. 1997); *Local 1199, Drug, Hosp. & Health Care Employees Union, RWDSU, AFL–CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). In this limited role, a court must confirm an arbitration award as long as it "'draws its essence from the collective bargaining agreement' and is not the arbitrator's 'own brand of industrial justice.'" *First Nat'l Supermarkets*, 118 F.3d at 896 (quoting *Misco*, 484 U.S. at 36). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n*, 532 U.S. at 509. Indeed, "serious error" and "improvident, even silly, factfinding do[ ] not provide a basis for a reviewing court to refuse to enforce the award." *Id.* (internal quotation marks omitted) (quoting *Misco*, 484 U.S., at 39, 108 S.Ct. 364).

Here, the Court concludes that the arbitrator's award draws its essence from the CBA and that it is based upon uncontroverted evidence that DiPizio failed to pay $24,271.18 in contributions to the Funds for the period from January 1, 2012 to June 30, 2014. The Collection Policy also entitles the Funds to recover the additional amounts for interest, liquidated damages, attorneys' fees, the arbitrator's fee, and audit costs, which, together with the delinquency, amount to $34,689.79. Finally, nothing in the record suggests "that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists." *Trustees for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constructioncorp*, No. 14–CV–1560–GHW, 2014 WL 3844619, at *2 (S.D.N.Y. Aug. 1, 2014) (granting unopposed motion for summary judgment under LMRA). Accordingly, the Court confirms the arbitration award of January 22, 2015.

### III. PETITIONERS' ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

The petitioners also assert that they are entitled to attorneys' fees and costs expended in preparing the instant action to confirm the arbitration award.

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). Neither Section 301 of the LMRA, nor the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, authorize the award of attorneys' fees in an action to confirm an arbitration award. *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. TNS Mgmt. Servs., Inc.*, No. 13–CV–2716 (JMF), 2014 WL 100008, at *4 (S.D.N.Y. Jan. 10, 2014); *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12–CV–005 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08–CV–9061

4

(RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009) (citing *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). Moreover, although Section 502(g) of the Employee Retirement Income Security Act ("ERISA") requires the award of attorneys' fees to a plan that prevails in an action to recover delinquent contributions pursuant to a collective bargaining agreement, *see* 29 U.S.C. § 1132(g)(2)(D), "this does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award." *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011) (holding that ERISA authorizes award of costs, but not attorneys' fees, in arbitration confirmation proceedings); *accord TNS Mgmt. Servs.*, 2014 WL 100008, at *4; *Dejil Sys.*, 2012 WL 3744802, at *4. Nonetheless, "because a court may, in the exercise of its inherent equitable powers, award attorney's fees when opposing counsel acts in bad faith, attorney's fees and costs may be proper when a party opposing confirmation of arbitration award 'refuses to abide by an arbitrator's decision without justification.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03–CV–5122 (DAB), 2003 WL 22773355, at *2 (S.D.N.Y. Nov. 21, 2003) (quoting *Int'l Chem. Workers Union, Local No. 227*, 774 F.2d at 47); *see, e,g., TNS Mgmt. Servs.*, 2014 WL 100008, at *4 (citing cases); *Trustees of Nat'l Org. of Indus. Trade Unions Ins. Trust Fund v. Davis Grande Co.*, No. 03–CV–6229 (NG)(SMG), 2006 WL 1652642, at *4 (E.D.N.Y. June 9, 2006).

Here, the Court need not decide whether the respondent refused to abide by the arbitrator's award without justification because the Collection Agreement obligates employers who fail to make timely contributions to the Funds to pay attorneys' fees and costs incurred in recovering the delinquent contributions. (*See* Pet. Ex. D, arts. 1.1(C)(4), 6.2, 6.3.) The parties' agreements are a sufficient basis upon which to award attorneys' fees and costs. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Dafna Constr. Co., Inc.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) ("Whether [the defendant] had no justification in refusing to comply with the arbitrator's ruling is irrelevant, however, because the Agreement itself requires [the defendant] to pay attorneys' fees incurred by the Trustees in seeking confirmation. . . . Since the parties bargained for the awarding of attorneys' fees in this precise circumstance, the Court respects their agreement and orders [the defendant] to pay the costs incurred by the Trustees in seeking confirmation of the arbitrator's award."); *see also Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Alliance Workroom Corp.*, No. 13–CV–5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (holding that CBA authorized award of attorneys' fees and costs in action to confirm arbitration award). Accordingly, the Court concludes that the petitioners are entitled to recover attorneys' fees and costs.

A. Attorneys' Fees

The Court uses the "lodestar figure," which is determined by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate, to calculate reasonable attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997). "Both [the Second Circuit]

5

and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). "'[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee.'" *Perdue*, 559 U.S. at 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). Thus, the Supreme Court has recognized that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551 (emphasis in original). "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing *Hensley*, 461 U.S. at 433).

1. Reasonable Hourly Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. The Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)). The Second Circuit also instructed district courts to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). *See Arbor Hill*, 522 F.3d at 190.

The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (quoting *Johnson*, 488 F.2d at 717–19). Finally, a district court should also consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and "that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* at 190. "The burden rests with the prevailing party to justify the reasonableness of the requested rate," and a plaintiff's attorney "should establish his hourly rate with satisfactory evidence—in addition to the attorney's own affidavits." *Hugee*, 852 F. Supp. 2d at 298.

Courts in this district have concluded that approximately $200 to $325 is a reasonable hourly rate for senior associates,

6

and that $100 to $200 is a reasonable hourly rate for more junior associates. *See, e.g.*, *Pall Corp. v. 3M Purification Inc.*, No. 97–CV–7599 (RRM)(ETB), 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012). Of course, "the range of 'reasonable' attorney fee rates in this district varies depending on the type of case, the nature of the litigation, the size of the firm, and the expertise of its attorneys." *Siracuse v. Program for the Dev. of Human Potential*, No. 07–CV–2205 (CLP), 2012 WL 1624291, at *30 (E.D.N.Y. Apr. 30, 2012).

The petitioners request an hourly rate of $225 for Virginia & Ambinder, LLP associate, Elina Burke. Ms. Burke is a 2011 graduate of Fordham University School of Law and avers that she "regularly represent[s] multiemployer employee benefit plans in ERISA litigation." (Pet. ¶ 28.) Ms. Burke further states that the requested hourly rate is "similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions [in the district]." (*Id.* ¶ 31.)

In light of the prevailing hourly rates in this district and all other factors set forth in *Arbor Hill* and *Johnson*, the Court concludes that $225 is a reasonable rate for Ms. Burke.

However, an hourly rate of $225 for associate, Nicole Marimon, is too high, given that she only graduated from law school in 2014. *See Crapanzano v. Nations Recovery Ctr., Inc.*, No. 11-CV-1008 FB LB, 2011 WL 2847448, at *2 (E.D.N.Y. June 29, 2011) (noting that associates in this district with one to three years of experience are compensated at rates between $100 and $150 an hour), *report and recommendation adopted*, No. 11-CV-1008 FB LB, 2011 WL 2837415 (E.D.N.Y. July 15, 2011). Accordingly, Ms. Marimon's time will be compensated at $100 an hour. *See id.*

2. Reasonable Hours

Having determined a reasonable hourly rate for the petitioners' counsel, the Court must determine the reasonable number of hours expended by the petitioners' counsel in this litigation.

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Custodio v. Am. Chain Link & Const., Inc.*, No. 06–CV–7148 (GBD), 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)). "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch*, 148 F.3d at 173. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Id.* (quoting *Hensley*, 461 U.S. at 434; *N.Y. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)); *see also Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.").

The petitioners have submitted a printout of an invoice sent by Virginia & Ambinder, LLP to the Union for professional services rendered in connection with the case at bar. (*See* Pet. Ex. G.) This invoice shows that Ms. Burke billed 0.5 hours on this matter and Ms. Marimon billed 2.6 hours. (*See id.*)

7

At the outset, the Court concludes that the invoice printout satisfies the contemporaneous records requirement. Courts accept the printout of an invoice that provides "a clear description of the work performed, the time spent on the respective matter, the attorney who rendered services, and the date the services were performed." *Big R Food Warehouses v. Local 338 RWDSU*, 896 F. Supp. 292, 295 (E.D.N.Y. 1995); *see, e.g.*, *Home Loan Inv. Bank, F.S.B. v. Goodness & Mercy, Inc.*, No. 10–CV–4677 (ADS)(ETB), 2012 WL 1078963, at *7 (E.D.N.Y. Jan. 4, 2012), *report and recommendation adopted*, 2012 WL 1078886 (E.D.N.Y. Mar. 30, 2012); *Fuerst v. Fuerst*, No. 10–CV–3941, 2012 WL 1145934, at *4 (E.D.N.Y. Apr. 5, 2012); *New Paltz Cent. Sch. Dist. v. St. Pierre*, No. 02–CV–981 (FJS/RFT), 2007 WL 655603, at *1–2 (N.D.N.Y. Feb. 26, 2007); *Boster v. Braccia*, No. 06–CV–4756 (JG)(RER), 2007 WL 4287704, at *2 (E.D.N.Y. Dec. 4, 2007). The time record submitted by the petitioners provides this information in sufficient detail, as it includes a description of the work performed by Mses. Burke and Marimon, the date on which they performed the work, and the amount of time they respectively spent on the various projects (*see* Pet. Ex. G), and Ms. Burke avers that this information was entered contemporaneously as the work was performed (*see id.* ¶ 27).

Finally, the Court concludes that the 3.1 hours billed on this matter by Mses. Burke and Marimon is a reasonable number of hours billed, given the description of the tasks performed and that the motion was unopposed.

Accordingly, the Court calculates the lodestar figure to be $372.50.

The Court sees no reason to depart from the lodestar figure in this case. *See, e.g.*, *Perdue*, 559 U.S. at 553 (noting that lodestar figure includes "most, if not all," relevant factors in setting reasonable attorney's fee). Therefore, the Court awards the petitioners $372.50 in attorneys' fees.

B. Costs

"As for costs, a court will generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05–CV–985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id.*; *see also First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, No. 10–CV–696 (KAM)(SMG), 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013). In particular, under Local Civil Rule 54.1, "the party must include as part of the request 'an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred,'" and "[b]ills for the costs claimed must be attached as exhibits." *D.J. ex rel. Roberts v. City of New York*, No. 11–CV–5458 (JGK)(DF), 2012 WL 5431034, at *9 (S.D.N.Y. Oct. 16, 2012) (quoting Local Civ. R. 54.1(a)), *report and recommendation adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012).

Here, the petitioners request $467.50 for the following litigation costs: the filing fee ($400) and a service fee ($67.50). (*See* Pet. ¶ 33.) All costs are recoverable. *See Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension & Welfare Funds v. Sanders Constr., Inc.*, No. 13–CV–5102 JFB

8

ARL, 2015 WL 1608039, at *6 (E.D.N.Y. Apr. 10, 2015).

Accordingly, the Court awards the petitioners $467.50 in costs.

### IV. CONCLUSION

For the reasons set forth above, petitioners' motion to confirm the arbitration award in the amount of $34,689.79 is hereby granted. Further, the Court awards the petitioners $372.50 in attorneys' fees and $467.50 in costs.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 25, 2016
      Central Islip, New York

\*    \*    \*

Petitioners are represented by Elina Burke and Nicole Marimon, Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New NY 10004.